IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

**STERLING LAMAR JACKSON,** )
)
      **Petitioner,** )
)
v. )   Case No. CIV-05-182-HE
)
**JUSTIN JONES,[1] et al.,** )
)
      **Respondents.** )

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and the matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In response to the habeas petition, Respondent argues that Petitioner's claims fail on their merits and, alternatively, that Petitioner has failed to exhaust his state court remedies [Doc. No. 14]. Petitioner has, in addition to submitting a supporting brief [Doc. No. 8], filed his reply [Doc. No. 18], and the matter is at issue. For the reasons set forth below, the undersigned recommends that the petition be dismissed without prejudice for failure to exhaust state court remedies.

**Factual and Procedural History**

Petitioner's four grounds for relief all relate to a Department of Corrections' ("DOC") audit of Petitioner's file in 2003 resulting in the loss of 305 earned credits and a reduction in his classification level from Level IV to Level II. According to the explanatory letter received by Petitioner, this "correction" was made for the reason that,

---

[1] Petitioner named Ron Ward as Respondent. Since the filing of this action, Mr. Ward has retired, and Justin Jones has been named the Director of the Oklahoma Department of Corrections. Accordingly, pursuant to Fed. R. Civ. P. 25(d)(1), Justin Jones has been substituted as Respondent.

"You escaped in 1999 and will have active escape points until 10-6-2004, therefore you are not eligible to promote to levels 3 and 4 until they expire." [Doc. No. 1, Exhibit A]. The DOC maintains that Petitioner had been "illegitimately promoted" in light of the escape points and that in reclassifying Petitioner to Level II and in removing the 305 credits he earned while on "inappropriate level promotions" at Levels III and IV, the auditor was simply correcting an error [Doc. No. 14, Exhibit No. 1, p. 4].

Petitioner exhausted his administrative remedies with regard to the demotion and credit removal, receiving no relief [Doc. No. 1, Exhibits B - E]; he then petitioned, likewise unsuccessfully, for a writ of mandamus in the District Court of Oklahoma County, *id.* at Exhibit F. Petitioner did not appeal the denial of the writ, claiming in his habeas petition that "[n]o Further State exhaustion is available or required, thus none was sought." [Doc. No. 1, p. 4]. He subsequently filed his petition seeking habeas relief in this court, asserting that his previously earned credits were taken and that he was demoted in level classification without procedural due process. Petitioner further maintains that the DOC's actions were in violation of the ex post facto clause.

**Exhaustion of State Court Remedies**

While arguing that Petitioner's claims can be denied on their merits, Respondent maintains in the alternative that Petitioner failed to exhaust his state court remedies when he chose not to appeal the state district court's denial of his writ of mandamus. Petitioner, on the other hand, contends that state court exhaustion of his claims is neither available nor required pursuant to the holding of the Tenth Circuit in *Gamble v. Calbone,* 375 F.3d 1021 (10th Cir. 2004).

2

Although § 2241 does not contain an express exhaustion requirement, Tenth Circuit precedent requires a state prisoner challenging the execution of his sentence pursuant to § 2241 to exhaust state court remedies prior to filing a federal habeas petition. *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002). The exhaustion requirement exists as a matter of comity to give state courts the initial opportunity to address and correct alleged violations of federal law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). In this Circuit, a petitioner may satisfy the exhaustion requirement by showing either (1) "that a state appellate court has had the opportunity to rule on the same claim presented in federal court," or (2) "that at the time he filed his federal petition, he had no available state avenue of redress." *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (citation omitted); *see also Bear v. Boone*, 173 F.3d 782, 785 (10th Cir. 1999) ("In order to fully exhaust state court remedies, a state's highest court must have had the opportunity to review the claim raised in the federal habeas petition.").

Petitioner is correct in arguing that this Circuit has concluded in *Gamble*, 375 F.3d at 1027, that "there is no state-exhaustion requirement for Oklahoma inmates challenging the merits of a disciplinary board revocation of earned credits where the inmate is seeking only speedier, and not immediate, release." Nonetheless, Petitioner is not before this court challenging the *merits* of a disciplinary board proceeding. He is not

3

contending, for example, that the evidence at a disciplinary proceeding was insufficient to support the revocation but, is, instead, claiming that the credit revocation was carried out by a DOC auditor without notice or a hearing or, in other words, without *any* proceeding, and, consequently, without minimal, procedural due process [Doc. No. 1, p. 6].[2]

The *Gamble* decision recognized that the Oklahoma Court of Criminal Appeals ("OCCA") has determined that a mandamus proceeding such as the one initiated but not completed by Petitioner "is available to force a prison to provide an inmate with 'minimum procedural due process' before revoking earned credits." *Gamble,* 375 F.3d at 1026 (quoting *Canady v. Reynolds,* 880 P.2d 391, 396 - 97 & n. 4 (Okla. Crim. App. 1994). The *Canady* court, in holding that "[p]rison officials have a duty to guarantee an inmate receives the process which is due him when previously earned credits have been revoked," *Canady,* 880 P.2d at 397, reaffirmed the determination of the OCCA in *Waldon v. Evans,* 861 P. 2d 311, 313 (Okla. Crim. App. 1993) that

> [A] writ of mandamus must lie against appropriate prison officials when a prisoner's minimum due process rights have been violated. The District Court's action is a due process review only, and not an appellate review of the decision of the disciplinary authority. . . . The District Court should address the petition on its merits to determine whether prison disciplinary procedures were followed and thus whether due process, as required by 57 O.S. 1991, § 138, was afforded in the proceedings which led to the loss of . . . earned credits on Appellant's criminal sentence.

---

[2]In addressing the merits of Petitioner's claims, Respondent maintains that removal without notice or hearing of Petitioner's credits – credits that were mistakenly given in the first place – "does not infringe on due process rights." [Doc. No. 14, p. 7].

*Waldon v. Evans,* 861 P. 2d 311, 313 (Okla. Crim. App. 1993). *See also Baird v. Ward,* No. 97-5229, 1998 WL 440471 (10th Cir. July 17, 1998).[3]

Here, Petitioner initiated a mandamus action in the District Court of Oklahoma County, asserting his right to classification at Level III or IV along with the restoration of 305 revoked credits [Doc. No. 1, Exhibit F]. That court determined, in part, that "Petitioner has only a mere expectation of an opportunity to earn credits, but no right" *id.* at p. 3, and that "the threshold requirements of an ex post facto claim" had not been met. *Id.* Rather than appeal the state district court's January 27, 2004, denial of the writ[4] to the OCCA, Petitioner waited over one year – until February 14, 2005 – to file a request for habeas relief on these same issues in this court. Having properly raised his federal constitutional claims – by a request for a writ of mandamus to ensure the enforcement of procedural due process requirements[5] – in the Oklahoma State courts, and having received a negative ruling, Petitioner was required to present these same claims to the

---

[3]This unpublished disposition is cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

[4]Petitioner's understanding of the state district court's ruling – including the fact that his claims on mandamus are the same as his claims before this court – is clear from the following discussion in his Petition:

> State Court acknowledged both errors of which petitioner now complains in the underlying. State Court ruled that petitioner had liberty interest in previously earned good time credits but the opportunity to earn such credits was discretionary. State Court went on to state that the petitioner failed to state a claim upon which relief may be granted, thus denied the petition and dismissed the case. The district court's order was arbitrary as it clearly states that the petitioner was entitled to due process protection, i.e. has liberty interest in previously awarded good time credits, thus acknowledges the petitioner's contention of his 305 previously awarded good time credits being removed w/out due process . . . yet, denies relief to the petitioner.

Petition, Doc. No. 1, p. 4.

[5]Rule 10.6 (B), Rules of the Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18, App. ("Mandamus is . . . appropriate to ensure procedural due process requirements are followed in administrative proceedings.") (citing *Waldon,* 861 P.2d at 313).

OCCA on appeal before presenting his claims to this court. *See Miranda,* 967 F.2d at 398 (if federal constitutional claims are presented to a state court and that court rules against petitioner, these same claims must be presented by petitioner on appeal). Consequently, Petitioner has failed to exhaust his state court remedies, and his habeas petition should be dismissed without prejudice to refiling.

### RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For these reasons, it is the recommendation of the undersigned Magistrate Judge that the petition for writ of habeas corpus be dismissed without prejudice for failure to exhaust state court remedies. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 14th day of June, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States,* 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 25th day of May, 2006.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE